People v A.G. (2024 NY Slip Op 50024(U))

[*1]

People v A.G.

2024 NY Slip Op 50024(U)

Decided on January 4, 2024

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 4, 2024
Youth Part, Erie County

The People of the State of New York

against
A.G., AO.

Docket No. FYC-73595-23/001

Danielle D'Abate, Esq., (Assistant District Attorney)
Michael M. Blotnik, Esq., (for the Principal)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Danielle D'Abate, Esq. (Assistant District Attorney), dated December 19, 2023; responsive papers dated December 22, 2023 by Michael M. Blotnik, Esq., on behalf of AO A.G.; oral argument and a hearing on the motion having been waived; and due deliberation having been had, the Court finds the following:

 Procedural History
AO A.G. is charged under FYC-73595-23 and FYC-73597-23 with one count of Criminal Possession of a Weapon in the Second Degree, a class C felony, contrary to Penal Law Section 265.03(3) and several Vehicle and Traffic Law offenses.
An accessible magistrate arraigned AO A.G. on November 11, 2023 and remanded him [*2]without bail.
On November 13, 2023, AO A.G. appeared for an arraignment in Youth Part, entering a plea of not guilty. AO A.G. was released, having voluntarily accepted probation services.
On November 17, 2023, the People conceded the six-day reading, and this Court found that the charges did not meet the requirements of CPL § 722.23(2)(c) to remain in Youth Part. The People indicated that they would make a motion under CPL, Art. 722, § 722.23(1) requesting this matter not be removed to Family Court. The decision date of the extraordinary circumstances motion was scheduled for January 4, 2024.

Findings of Fact
It is alleged that on November 11, 2023 at 2:02 AM, a Buffalo Police Officer observed a white Toyota fail to stop at a stop sign and then fail to signal while turning right. AO A.G. was the driver and sole occupant of the vehicle. The Officer initiated a traffic stop using overhead lights. After approaching the vehicle, the Officer discovered that AO A.G. was driving with a suspended license, and he saw an open bottle of tequila on the front passenger floor. The Officer started the process of impounding and towing the vehicle. Upon an inventory search, the Officer found a loaded pistol loaded with ten rounds under the driver's seat. The firearm was previously reported stolen. AO A.G. spontaneously stated "that's crazy that [the firearm] was under my seat". The Officer later learned that the vehicle belonged to AO A.G.'s mother, who was out of town on the date of this incident.
The Officer's Supporting Deposition provides that the Officer was "appalled at the Adolescent Offender's lack of concern over the recovery of the firearm from the vehicle." After arraignment, while at screening at the East Ferry Detention Center, AO A.G. indicated that he had thoughts of hurting himself and/or others.

 Conclusions of Law
Pursuant to CPL § 722.23(1)(a), the Court shall order removal of the action to Family Court unless, within 30 days of arraignment, the District Attorney makes a written motion to prevent removal of the action. 
Pursuant to CPL § 722.23(1)(d), the Court shall deny the district attorney's motion to prevent removal unless the Court determines that extraordinary circumstances exist that should prevent the transfer of the action to Family Court. CPL § 722.23 does not define the term "extraordinary circumstances".
In People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021), the Court referenced the common dictionary and the legislative history of the Raise the Age legislation and interpreted "extraordinary circumstances" to mean that "the People's Motion Opposing Removal must be denied unless they establish the existence of an 'exceptional' set of facts which 'go beyond' that which is 'usual, regular or customary' and which warrant retaining the case in the Youth Part instead of removing it to the Family Court."
New York State Assembly members debating the Raise the Age legislation indicated that the extraordinary circumstances requirement was intended to be a "high standard" for the District Attorney to meet, and denials of transfers to Family Court "should be extremely rare". NY Assembly Debate on Assembly Bill A03009C, Part WWW, at 39, April 8, 2017; see also, People v S.J., 72 Misc 3d 196 (Fam Ct 2021). "[T]he People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is a strong proof that the young person is not amenable or would not benefit in any way from the heightened [*3]services in the family court'. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021) citing Assembly Record, p. 39.
The legislators indicated that in assessing "extraordinary circumstances", the Judge should consider the youth's circumstances, including both aggravating factors and mitigating circumstances. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021); Assembly Record, pp. 39 to 40. Aggravating factors make it more likely that the matter should remain in Youth Part, and mitigating circumstances make it more likely that the matter should be removed to Family Court. People v S.J., 72 Misc 3d 196 (Fam Ct 2021).
Aggravating factors include whether the AO: (1) committed a series of crimes over multiple days, (2) acted in an especially cruel and heinous manner, and (3) led, threatened, or coerced other reluctant youth into committing the crimes before the court. People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record, p. 40.
Mitigating circumstances are meant to include a wide range of individual factors, including economic difficulties, substandard housing, poverty, difficulties learning, educational challenges, lack of insight and susceptibility to peer pressure due to immaturity, absence of positive role models, behavior models, abuse of alcohol or controlled substances by the AO, or by family or peers. People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record at 40.
"The People may not, in any way, use the [AO's] juvenile delinquency history, including any past admissions or adjudications, in any application for removal under the statute." People v J.J., 74 Misc 3d 1223(A) [NY Co Ct 2022]; citing Family Court Act § 381.2(1); see also, People v. M.M., 64 Misc 3d at 269, supra, citing Green v. Montgomery, 95 NY2d 693, 697 (2001). 
CPL § 722.23(1)(b) mandates that every motion to prevent removal of an action to Family Court "contain allegations of sworn fact based upon personal knowledge of the affiant." This Court considered only those exhibits and documents whose content fall within the mandate of CPL § 722.23(1)(b) in making this decision.
In this case we have a seventeen-year-old youth driving with a suspended license. When he is pulled over, police find a loaded weapon under the driver's seat and an open bottle of alcohol on the floor of the vehicle. The youth initially denied knowledge of the firearm, which was later determined to be a stolen firearm. This Court must balance its concern for AO A.G.'s alleged possession of a stolen firearm and statements about having thoughts of harming himself and/or others against the Raise the Age statute's directive that Youth Part retain only the exceptional cases that go beyond typical factual scenarios.
Here, it is not alleged that AO A.G. committed a series of crimes over multiple days, acted in an especially cruel and heinous manner, or led, threatened, or coerced other reluctant youth into committing the crimes before the court. The weapon was not used in furtherance of a crime. No one was injured. The People have not proven that AO A.G. would not benefit in any way from the heightened services in Family Court.
This Court concludes that this is not the rare, "one out of 1,000 cases" that the Legislature envisioned would remain in the Youth Part and not be removed to Family Court. (Assembly, Record of Proceedings, April 8, 2017, pp. 37-38); see People v J.M., 64 Misc 3d 259, 268 [NY Co Ct 2019]. Extraordinary circumstances do not exist to prevent the transfer of this action to Family Court. The People did not meet its burden to prevent removal of this action to Family Court. This matter shall be removed.
This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN